UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

<u>**IN RE:**</u>
**BURTON WIAND**
**RECEIVERSHIP**
**CASES PENDING**
**IN THE TAMPA**     Case Nos.: 8:05-cv-1856-T-27MSS, et al.,
**DIVISION OF THE**
**MIDDLE DISTRICT**
**OF FLORIDA**

_____/

<u>ORDER</u>

**THIS CAUSE** comes on for consideration <u>sua sponte</u> by the Court. In August 2006 all of the approximately eighty pending Receivership cases were consolidated to the Undersigned as Magistrate Judge and all pretrial motions were referred to the Undersigned for resolution by order or report and recommendation. At that time, fifteen motions to dismiss were pending in the cases for consideration by the Court. To utilize most effectively and efficiently the resources of the Court, on August 17, 2006, the Undersigned continued the deadlines for filing all motions to dismiss or answers to any complaints filed by the Receiver in this Court against the investors and stayed all discovery in the cases pending resolution of the motions. On January 12, 2007, the Undersigned issued a Report and Recommendation regarding the fifteen motions to dismiss recommending dismissal without prejudice of the Receiver's FUFTA claim (Count I), dismissal with prejudice of the Receiver's unjust enrichment and disgorgement claims (Counts II and III) and dismissal of certain of

the Receivership Entities from the case entirely.

On March 27, 2007, in an Omnibus Order District Judge Whittemore, addressing all of the cases that were the subject of the Report and Recommendation, adopted in part and rejected in part the Undersigned's Report and Recommendation.  <u>See</u> App. A  Pursuant to the Court's Omnibus Order, the Receiver's FUFTA claim is dismissed without prejudice, the Receiver's disgorgement claim is dismissed with prejudice, the Estate of Howard Waxenberg is dismissed with prejudice as a party to the actions and Downing and Associates Technical Analysis is dismissed without prejudice as a party to the actions. Additionally, the Receiver has no standing to pursue claims on behalf of the creditors and investors of the Receivership Entities.  The Receiver's unjust enrichment claims stand, subject to further consideration on the merits. The Court directed that any amended complaint filed by the Receiver must be filed within thirty days of the Court's March 27, 2007, Omnibus Order.  The Court deferred ruling on the motion to dismiss filed in <u>Wiand v. Schnall</u>, 06-cv-706-T-27MSS, pending resolution of additional arguments raised in the Schnall Defendants' motion.  The Undersigned's order addressing the additional arguments raised by the Schnall Defendant was entered contemporaneously with this Order.

Accordingly, the Court **ORDERS**:

1. The stay ordered on August 17, 2006, is hereby **LIFTED** in all cases.

    If they have not already done so **within twenty days** of this Order,

Defendants may file answers and/or responsive pleadings to the Receiver's complaints. Further, the parties may participate in discovery consistent with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.

2. The Receiver is **DIRECTED** to file a response to the Nessel Defendant's Motion for Sanctions Under Rule 11, <u>Wiand v. Nessel</u>, 06-cv-651-T-27MSS, Dkt. 23 (M.D. Fla. November 9, 2006), **within ten days** of this Order.

3. The **CLERK** is directed to file a copy of this Order in each case listed in Appendix B.

**DONE** and **ORDERED** in Tampa, Florida on this 12th day of April 2007.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

3